UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

    Plaintiffs,

  v.                         CASE NO. 2:11-cv-12565
                           JUDGE VICTORIA A. ROBERTS
                           MAGISTRATE JUDGE PAUL J. KOMIVES

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

    Defendant.


HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INC., and HI-LEX
CORPORATION HEALTH AND
WELFARE PLAN,

    Plaintiffs,

  v.                         CASE NO. 2:11-cv-12557
                           JUDGE VICTORIA A. ROBERTS
                           MAGISTRATE JUDGE PAUL J. KOMIVES

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

    Defendant.

_____/

**ORDER DEEMING RESOLVED PLAINTIFFS' JANUARY 2012 MOTIONS TO COMPEL DISCOVERY (Case No. 11-12557, Doc. Entries 30 & 31; Case No. 11-12565, Doc. Entries 30 & 31) and ADDRESSING PLAINTIFFS' FEBRUARY 15, 2012 MOTIONS TO COMPEL DISCOVERY (Case No. 11-12557, Doc. Ent. 38; Case No. 11-12565, Doc. Ent. 37)**

**A.**     **Background**

**1.**     The instant cases are two of several E.D. Mich. ERISA cases filed during 2011 against defendant Blue Cross and Blue Shield of Michigan.  *See*, *i.e.*, Case No. 2:11-cv-12557-VAR-PJK (*Hi-Lex*), Case No. 2:11-cv-12565-VAR-PJK (*Borroughs*), Case No. 2:11-cv-12796-VAR-PJK (*Ironworkers Local 340*),[1] Case No. 2:11-cv-14213-VAR-PJK (*Flexfab Horizons International*), Case No. 2:11-cv-14326-VAR-PJK (*American Seating Company*), Case No. 2:11-cv-14328-VAR-PJK (*Great Lakes Castings*), Case No. 2:11-cv-14332-VAR-PJK *(Star of the West Milling*), Case No. 2:11-cv-14828-VAR-PJK (*Magna International of America*), Case No. 2:11-cv-15062-VAR-MAR (*Eagle Alloy*), Case No. 2:11-cv-15136-VAR-PJK (*Whitehall Products*).

**2.**     Hi-Lex filed its case on June 13, 2011, alleging (I) breach of fiduciary duty - ERISA; (II) prohibited transaction under ERISA; (III) violation of the Act; (IV) Health Care False Claims Act; (V) breach of contract, and alternatively, covenant of good faith and fair dealing; (VI) breach of common law fiduciary duty; (VII) conversion; (VIII) fraud/misrepresentation; and (IX) silent fraud.  *See* Case No. 11-12557, Doc. Ent. 1.

On September 21, 2011, Judge Roberts entered an order which provided, in part:

Plaintiffs' state and common law claims are DISMISSED WITHOUT PREJUDICE.  However, discovery can be conducted on these claims.  At the close of discovery Plaintiffs may be able to reinstate them without regard to any statute of limitations concerns.

Doc. Ent. 22.

**3.**     Borroughs also filed its case on June 13, 2011, alleging the same claims: (I) breach of fiduciary duty - ERISA; (II) prohibited transaction under ERISA; (III) violation of the Act; (IV)

---

[1]On February 16, 2012, Judge Roberts entered a stipulated order dismissing case with prejudice in *Ironworkers Local 340* (Case No. 11-12796, Doc. Ent. 29).

Health Care False Claims Act; (V) breach of contract, and alternatively, covenant of good faith and fair dealing; (VI) breach of common law fiduciary duty; (VII) conversion; (VIII) fraud/misrepresentation; and (IX) silent fraud. *See Case* No. 11-12565, Doc. Ent. 1.

Here, too, on September 21, 2011, Judge Roberts entered an order stating, in part:

> Plaintiffs' state and common law claims are DISMISSED WITHOUT PREJUDICE. However, discovery can be conducted on these claims. At the close of discovery Plaintiffs may be able to reinstate them without regard to any statute of limitations concerns.

Doc. Ent. 22.

**B.   Instant Motions**

**1.**   Currently before the Court are Hi-Lex and Burroughs's January 2012 motions to compel discovery (Doc. Entries 30 and 31), regarding which responses and replies have been filed (Doc. Entries 34, 35 & 39 [*Hi-Lex*], Doc. Entries 34 & 38 [*Burroughs*]).

Also before the Court are Hi-Lex and Burroughs's February 15, 2012 second motions to compel discovery (Doc. Entries 37 [*Borroughs*] and 38 [*Hi-Lex*]), regarding which responses and replies have been filed (Doc. Entries 42 & 43 [*Hi-Lex*], Doc. Entries 41 & 42 [*Burroughs*]).

These motions have been referred to me. Doc. Entries 33 & 39 [*Borroughs*], Doc. Entries 33 & 40 [*Hi-Lex*].[2]

---

[2]Also before the Court are objector Mercer Health & Benefits's March 19, 2012 motions for protective order and to quash subpoenas. Doc. Entries 43 [*Borroughs*] and 44 [*Hi-Lex*]; *see also* Doc. Ent. 54 [Borroughs] (NON-PARTY CAMPBELL GROUP FINANCIAL SERVICES, LLC'S MOTION TO JOIN NON-PARTIES MERCER HEALTH & BENEFITS LLC AND MARSH & MCLENNAN COMPANIES MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS). In the *Borroughs* case, Blue Cross and Blue Shield of Michigan has filed a March 26, 2012 motion for the Court to order that Campbell Group Financial Services, LLC show cause why it should not be held in contempt for its failure to obey subpoena. Doc. Ent. 46 [*Borroughs*]. I am scheduled to hear these three (3) motions on April 25, 2012.
I also note that Blue Cross and Blue Shield of Michigan has filed an April 9, 2012 motion

3

**2.**     A hearing on these motions was noticed for March 9, 2012.  *See* Doc. Ent. 35 [*Borroughs*], Doc. Ent. 36 [*Hi-Lex*].  On that date, attorneys Aaron M. Phelps and G. Christopher Bernard appeared before this Court.

On March 30, 2012, I entered an order regarding plaintiffs' first and second motions to compel discovery.  Doc. Ent. 48 [*Hi-Lex*], Doc. Ent. 50 [*Borroughs*].

**3.**     A hearing on the second motion to compel discovery was noticed for April 11, 2012.  Doc. Ent. 45 [*Hi-Lex*], Doc. Ent. 44 [*Borroughs*].

On April 11, 2012, attorneys Aaron M. Phelps and Perrin Rynders appeared on behalf of plaintiffs.  Attorneys Jason R. Gourley and Matthew R. Rechtien appeared on behalf of defendant.

**C.     Discussion**

**1.     Plaintiffs' January 2012 Motions to Compel**

Attached to the January 2012 motions to compel are (A) Plaintiffs' September 16, 2011 First Set of Discovery Requests; (B) BCBSM November 2, 2011 Discovery Responses to First Set; and (C) Plaintiffs' January 19, 2012 Third Set of Discovery Requests.  Plaintiffs' January 2012 motions set forth the following arguments:

      A.     BCBSM Has Refused to Produce All Documents Requested by Plaintiffs

           1.     BCBSM Has Refused to Produce Deposition Transcripts, Trial
               Testimony and Other Materials from Related Cases
           2.     BCBSM Refuses to Produce Detailed Claims Data
           3.     BCBSM Has Refused to Produce Documents Showing the
               Discounts Obtained from Hospitals

---

for protective order concerning Hi-Lex's March 30, 2012 notice of taking Rule 30(b)(6) deposition duces tecum.  Doc. Ent. 52 [*Hi-Lex*].  On April 11, 2012, Judge Roberts referred this motion to me.  Doc. Ent. 55 [*Hi-Lex*].

4

        4.       Documents Supporting BCBSM's Contentions

   B.      BCBSM Has Refused to Fully and Completely Answer Interrogatories Served by Plaintiffs

        1.       BCBSM Has Refused to Fully Answer Interrogatory No. 6 – Amounts Paid to Providers
        2.       BCBSM Has Refused to Fully Answer Interrogatory No. 19 – Amounts Retained by BCBSM

Doc. Ent. 31 at 2 [*Hi-Lex*], Doc. Ent. 31 at 2 [*Burroughs*].

Following the March 9, 2012 hearing, the Court entered the March 30, 2012 order. The order provided that "Defendant shall make available to Plaintiffs' consultant a person knowledgeable about claims data possessed by Defendant that relates to Plaintiffs and the parties shall discuss, in good faith, issues surrounding the production of data from Defendant to Plaintiffs. If the parties cannot agree to terms for production of the data to Plaintiffs, then the Court will re-set a hearing on this issue at the request of either party." Doc. Ent. 48 [*Hi-Lex*], Doc. Ent. 50 [*Burroughs*], ¶ 2. The order also provided: "The Court will hold in abeyance decision on Plaintiffs' Motion as it relates to their First Request for Production of Documents Nos. 21-26, Third Request for Production of Documents Nos. 1-5, and Third Set of Interrogatories Nos. 2-4, until the initial expert report deadline of April 24, 2012. If, after reviewing Defendant's expert report, the parties cannot agree to terms for production of the requested documents and information, the Court will take up this issue. Plaintiffs shall so notify the Court by filing a supplemental brief and Defendant my file a supplemental response brief within 7 days of service of Plaintiffs' brief." Doc. Ent. 48 [*Hi-Lex*], Doc. Ent. 50 [*Burroughs*], ¶ 3. Furthermore, the order stated that "[o]ther issues raised by Plaintiffs' First and Second Motions to Compel were addressed as set forth on the record." Doc. Ent. 48 [*Hi-Lex*], Doc. Ent.

50 [*Burroughs*], ¶ 4.

Based on the Court's statements at the March 9, 2012 hearing and the Court's March 30, 2012 order, plaintiffs' January 2012 motions to compel are deemed resolved. Counsel for the parties may contact the Court to request a conference if there are any matters outstanding with respect to the January 2012 motions to compel and/or the Court's March 30, 2012 order.

**2.  Plaintiffs' February 15, 2012 Motions to Compel**

Attached to the February 15, 2012 motions to compel are (A) Plaintiffs' September 16, 2011 First Request for Admissions, Interrogatories and Document Requests; (B) Defendant's November 2, 2011 Objections, Answers and Responses to Plaintiffs' First Set of Written Discovery; (C) February 10, 2012 Letter From Aaron Phelps to G. Christopher Bernard; (D) February 14, 2012 Letter From G. Christopher Bernard to Aaron Phelps; and (E) Plaintiffs' February 15, 2012 Notice of Taking Rule 30(b)(6) Deposition Duces Tecum.

Plaintiffs' February 15, 2012 motions to compel request an order requiring defendant to (a) fully answer Interrogatory 15 from Plaintiffs' First Request for Admissions, Interrogatories and Document Requests; (b) produce the materials requested in Document Request 1 from Plaintiffs' First Request for Admissions, Interrogatories and Document Requests as it relates to Interrogatory 15; (c) produce the materials requested in Document Requests 8 – 12 from Plaintiffs' First Request for Admissions, Interrogatories and Document Requests; (d) produce a witness(es) pursuant to Fed. R. Civ. P. 30(b)(6) to answer questions concerning the existence of, and efforts by Defendant to look for and produce documents responsive to Plaintiffs' document requests; and (e) pay Plaintiffs' reasonable expenses incurred in making this motion, including attorneys' fees.

6

During the April 11, 2012 hearing, plaintiffs' counsel referred to his March 16, 2012 letter to defense counsel. According to plaintiffs' counsel, defendant did not respond to this letter. At the conclusion of the April 11, 2012 hearing, plaintiff's counsel provided the Court with a copy of his March 16, 2012 letter. It is four (4) pages in length and sets forth "a more focused list of the topical communications" sought by plaintiffs. In sum, the letter describes thirty-seven (37) types of communications, which are organized under the headings of "Access Fee Communications Relating to the Contracts," ¶¶ 1-5; "Access Fee Communications Relating to Disclosure[,]" ¶¶ 6-32; and "Communications Relating to Access Fee Factors and Calculations," ¶¶ 33-37.

As stated on April 11, 2012, I conclude that the information sought by plaintiffs is discoverable under Fed. R. Civ. P. 26(b). Specifically, I conclude that the information regarding defendant's intent is relevant to (1) the potential fraud/misrepresentation and silent fraud claims[3] and (2) defendant's presumed affirmative defense of statute of limitations to the ERISA claims.[4] As plaintiffs stated in their February 15, 2012 motion and reiterated at the April 11, 2012 hearing, "such e-mails would be relevant to the fraud or concealment exception to the ERISA statute of limitations."

**D.    Order**

---

[3]*See, i.e.*, Doc. Ent.1 [*Hi-Lex*], ¶ 143 ("BCBSM made the representations with the intention of inducing Hi-Lex's reliance and, in fact, Hi-Lex did reasonably rely upon the representations made by BCBSM."), ¶ 153 ("BCBSM intended to induce Hi-Lex to rely upon the nondisclosure (that there were no additional administrative fees), and in fact, Hi-Lex did rely upon that nondisclosure.").

[4]*See*, *i.e.*, Doc. Ent. 12 [Hi-Lex], ¶ 2 ("Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.").

Accordingly, plaintiffs' January 2012 motions to compel discovery (Case No. 11-12557, Doc. Entries 30 & 31; Case No. 11-12565, Doc. Entries 30 & 31) are DEEMED RESOLVED. Counsel for the parties may contact the Court to request a conference if there are any matters outstanding with respect to the January 2012 motions to compel and/or the Court's March 30, 2012 order.

Furthermore, plaintiffs' February 15, 2012 motions to compel discovery (Case No. 11-12557, Doc. Ent. 38; Case No. 11-12565, Doc. Ent. 37) are GRANTED to the extent these motions seek the information set forth in plaintiffs' counsel's most recent letter to defense counsel - the above-described March 16, 2012 letter. Plaintiffs' February 15, 2012 requests for production of a Rule 30(b)(6) witness will be addressed when the Court considers Blue Cross and Blue Shield of Michigan's April 9, 2012 motion for protective order concerning Hi-Lex's March 30, 2012 notice of taking Rule 30(b)(6) deposition duces tecum. *See* Doc. Ent. 52 [*Hi-Lex*]. However, plaintiffs' February 15, 2012 requests for reasonable expenses, including attorney fees, are DENIED WITHOUT PREJUDICE to renewal if the discovery ordered to be produced herein is not provided within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 11, 2012          s/Paul J. Komives
                               PAUL J. KOMIVES
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that the foregoing document was sent to parties of record on April 12, 2012 by electronic and/or U.S. mail.

                                                  s/Michael Williams
                                                  Relief Case Manager for the Honorable
                                                  Paul J. Komives