UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INC., and HI-LEX
CORPORATION HEALTH AND
WELFARE PLAN,

      Plaintiffs,

  v.
                              CASE NO. 2:11-cv-12557
                              JUDGE VICTORIA A. ROBERTS
                              MAGISTRATE JUDGE PAUL J. KOMIVES

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

      Defendant.


BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

      Plaintiffs,

  v.
                              CASE NO. 2:11-cv-12565
                              JUDGE VICTORIA A. ROBERTS
                              MAGISTRATE JUDGE PAUL J. KOMIVES

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' APRIL 23, 2012 MOTIONS FOR DISCOVERY SANCTIONS
(Case No. 11-12557, Doc. Ent. 64; Case No. 11-12565, Doc. Ent. 70)**

**A.**    **Background**

**1.**    The instant cases are two of several E.D. Mich. ERISA cases filed during 2011 against

defendant Blue Cross and Blue Shield of Michigan.  *See*, *i.e.*, Case No. 2:11-cv-12557-VAR-PJK (*Hi-Lex*), Case No. 2:11-cv-12565-VAR-PJK (*Borroughs*), Case No. 2:11-cv-12796-VAR-PJK (*Ironworkers Local 340*),[1] Case No. 2:11-cv-14213-VAR-PJK (*Flexfab Horizons International*), Case No. 2:11-cv-14326-VAR-PJK (*American Seating Company*), Case No. 2:11-cv-14328-VAR-PJK (*Great Lakes Castings*), Case No. 2:11-cv-14332-VAR-PJK *(Star of the West Milling*), Case No. 2:11-cv-14828-VAR-PJK (*Magna International of America*), Case No. 2:11-cv-15062-VAR-MAR (*Eagle Alloy*), Case No. 2:11-cv-15136-VAR-PJK (*Whitehall Products*).

**2.**    Hi-Lex filed its case on June 13, 2011, alleging (I) breach of fiduciary duty - ERISA; (II) prohibited transaction under ERISA; (III) violation of the Act; (IV) Health Care False Claims Act; (V) breach of contract, and alternatively, covenant of good faith and fair dealing; (VI) breach of common law fiduciary duty; (VII) conversion; (VIII) fraud/misrepresentation; and (IX) silent fraud.  *See* Case No. 11-12557, Doc. Ent. 1.

> On September 21, 2011, Judge Roberts entered an order which provided, in part:
>
> Plaintiffs' state and common law claims are DISMISSED WITHOUT PREJUDICE.  However, discovery can be conducted on these claims.  At the close of discovery Plaintiffs may be able to reinstate them without regard to any statute of limitations concerns.

Doc. Ent. 22.  Approximately one year later, on September 7, 2012, Judge Roberts entered an order (Doc. Ent. 112) which provided:

> The Court GRANTS summary judgment to Defendant on Counts III-IX and DISMISSES WITH PREJUDICE Plaintiffs' state law claims. The Court GRANTS summary judgment to Plaintiffs on Count II, ERISA Prohibited Transaction. Issues of material fact remain as to Count I and Defendant's statute of limitations defense.

---

[1] On February 16, 2012, Judge Roberts entered a stipulated order dismissing case with prejudice in *Ironworkers Local 340* (Case No. 11-12796, Doc. Ent. 29).

Doc. Ent. 112 at 24.

**3.**     Borroughs also filed its case on June 13, 2011, alleging the same claims: (I) breach of fiduciary duty - ERISA; (II) prohibited transaction under ERISA; (III) violation of the Act; (IV) Health Care False Claims Act; (V) breach of contract, and alternatively, covenant of good faith and fair dealing; (VI) breach of common law fiduciary duty; (VII) conversion; (VIII) fraud/misrepresentation; and (IX) silent fraud. *See Case* No. 11-12565, Doc. Ent. 1.

Here, too, on September 21, 2011, Judge Roberts entered an order stating, in part:

> Plaintiffs' state and common law claims are DISMISSED WITHOUT PREJUDICE. However, discovery can be conducted on these claims. At the close of discovery Plaintiffs may be able to reinstate them without regard to any statute of limitations concerns.

Doc. Ent. 22. And, on September 7, 2012, Judge Roberts entered an order (Doc. Ent. 118) which provided:

> The Court GRANTS summary judgment to Defendant on Counts III-IX and DISMISSES WITH PREJUDICE Plaintiffs' state law claims. The Court GRANTS summary judgment to Plaintiffs on Count II, ERISA Prohibited Transaction. Issues of material fact remain as to Count I and Defendant's statute of limitations defense.

Doc. Ent. 118 at 24.

**B.     Instant Motions**

**1.**     Currently before the Court are Hi-Lex and Borroughs's April 23, 2012 motions for discovery sanctions (Doc. Ent. 64 and 70). Attached to each of these motions is (A) a Feb. 22, 2012 Letter from Atty. Phelps to Atty. Bernard (Doc. Ent. 64-2 [*Hi-Lex*], Doc. Ent. 70-2 [*Borroughs*]); (B) a Feb. 23, 2012 Letter from Atty. Rechtein to Atty. Phelps (Doc. Ent. 64-3 [*Hi-Lex*], Doc. Ent. 70-3 [*Borroughs*]); (C) a Feb. 24, 2012 Letter from Atty. Phelps to Atty. Rechtein (Doc. Ent. 64-4 [*Hi-Lex*], Doc. Ent. 70-4 [*Borroughs*]); (D) a March 28, 2012 E-Mail

from Atty. Hillary to Atty. Rechtein (Doc. Ent. 64-5 [*Hi-Lex*], Doc. Ent. 70-5 [*Borroughs*]); (E) a Jan. 27, 2012 E-Mail from Atty. Phelps to Atty. Bernard (Doc. Ent. 64-6 [*Hi-Lex*], Doc. Ent. 70-6 [*Borroughs*]); (F) *U.S. v. Hendrickson* Case (Doc. Ent. 64-7 [*Hi-Lex*], Doc. Ent. 70-7 [*Borroughs*]); and (G) *Holland v. Gordy Co.* Case (Doc. Ent. 64-8 [*Hi-Lex*], Doc. Ent. 70-8 [*Borroughs*]). *See* Index of Exhibits (Doc. Ent. 64-1 [*Hi-Lex*], Doc. Ent. 70-1 [*Borroughs*]).

Blue Cross Blue Shield (BCBS) has filed responses. Doc. Ent. 80 [*Hi-Lex*], Doc. Ent. 84 [*Borroughs*]). Attached to the responses are (A) the May 18, 2012 Affidavit of Richard E. Hillary, II (Doc. Ent. 80-2 [*Hi-Lex*], Doc. Ent. 84-2 [*Borroughs*]); (B) Emails (filed under seal (Doc. Ent. 81 [*Hi-Lex*] and Doc. Ent. 85 [*Borroughs*])); (C) a February 27, 2012 Letter (Doc. Ent. 80-3 [*Hi-Lex*], Doc. Ent. 84-3 [*Borroughs*]); (D) March 28, 2012 Email (Doc. Ent. 80-4 [*Hi-Lex*], Doc. Ent. 84-4 [*Borroughs*]). *See* Doc. Entries 80-1 [*Hi-Lex*] and 84-1 [*Borroughs*] (Index of Exhibits).

Hi-Lex and Borroughs have filed replies. Doc. Ent. 84 [*Hi-Lex*], Doc. Ent. 88 [*Borroughs*]. Attached to the replies are (A) the May 14, 2012 Affidavit of Richard E. Hillary, II (Doc. Ent. 84-2 [*Hi-Lex*], Doc. Ent. 88-2 [*Borroughs*]) and (B) *City of Sterling Heights* case (Doc. Ent. 84-3 [*Hi-Lex*], Doc. Ent. 88-3 [*Borroughs*]).[2] *See* Doc. Ent. 84-1 [*Hi-Lex*], Doc. Ent. 88-1 [*Burroughs*] (Index of Exhibits).

**2.** These motions have been referred to me for hearing and determination. Doc. Ent. 120

---

[2]In *City of Sterling Heights v. United National Insurance Company*, No. 03-72773, 2005 WL 5955828 (E.D. Mich. June 30, 2005) (Edmunds, J.), this Court denied plaintiffs' motion to compel addressed to defendant Specialty National Insurance Company. Specifically, Judge Edmunds observed that, "'[t]he presence of a third party who is an agent of the client will not destroy the attorney-client privilege.'" *City of Sterling Heights*, 2005 WL 5955828, *1 (quoting *Safeguard Lighting Sys., Inc. v. North Am. Specialty Ins. Co.*, 2004 WL 3037947, *2 (E.D. Pa. Dec. 30, 2004)).

[*Hi-Lex*], Doc. Ent. 126 [*Borroughs*]**.**

A hearing on these motions was noticed for November 29, 2012. *See* Doc. Ent. 122 [*Hi-Lex*], Doc. Ent. 128 [*Borroughs*]. On that date, attorneys Stephen F. MacGuidwin and Aaron M. Phelps appeared on behalf of plaintiffs. Attorney Matthew R. Rechtien appeared on behalf of defendant BCBS, and attorney Richard E. Hillary appeared on behalf of respondent Campell Group Financial Services, L.L.C.

**C.    Discussion**

**1.**    Campbell's December 2, 2011 production included four (4) emails. Doc. Ent. 80 at 6 [*Hi-Lex*], Doc. Ent. 84 [*Borroughs*]. These are the documents at issue in the instant motions, and they were filed under seal. Doc. Ent. 81 [*Hi-Lex*], Doc. Ent. 85 [*Borroughs*]. Without revealing their substance, these documents may be identified as follows:

> (A)    a February 3, 2011 electronic mail from Joseph R. Ekstrom (The Campbell Group)[3] to attorney Aaron M. Phelps, copied to Denise Phelps (The Campbell Group);[4]
> (B)    April 22, 2011 electronic mails between Ekstrom and attorney Phelps;
> (C)    a March 5, 2011 electronic mail from Ekstrom to Denise Phelps and Janet Mulder (The Campbell Group),[5] by which Ekstrom forwards March 2011 email exchanges between attorney Phelps and Greg Worsnop (Borroughs),[6] each of which was copied to Ekstrom, and
> (D)    an April 25, 2011 electronic mail from Ekstrom to Denise Phelps and Mulder, by which Ekstrom forwards April 25, 2011 email exchanges

---

[3]According to The Campbell Group's website, Joe Ekstrom is on Acrisure Benefits Group's Discovery Team. *See* www.thecampbellgrp.com, "Our Staff."

[4]Defendant BCBS's May 10, 2012 response identifies Denise Phelps as an employee of The Campbell Group. Doc. Ent. 80 at 6 (*Hi-Lex*), Doc. Ent. 84 at 6 (*Borroughs*).

[5]According to The Campbell Group's website, Janet Mulder is on Acrisure Benefits Group's Advisory Team. *See* www.thecampbellgrp.com, "Our Staff."

[6]According to Borroughs Corporation's website, Greg Worsnop is Borroughs's V.P. Finance & Administration. *See* www.borroughs.com, "Our People."

    between Worsnop and attorney Phelps (copied to Tim Tyler[7] and Ekstrom) and an April 25, 2011 email exchange from Ekstrom to Worsnop (copied to Mulder and Denise Phelps).

*See* Doc. Ent. 81 [*Hi-Lex*], Doc. Ent. 85 [*Borroughs*].

  By each of the April 23, 2012, Hi-Lex and Borroughs request that the Court require defendant BCBS and its attorneys to:

  (a) immediately return the inadvertently produced documents to Plaintiffs and The Campbell Group pursuant to the [December 7, 2011] Stipulated Protective Order Governing the Exchange of Information Deemed Confidential by the Parties [Doc. Ent. 28].

  (b) pay a conditional discovery sanction of $500 per day until such time that they comply with the [December 7, 2011] Stipulated Protective Order Governing the Exchange of Information Deemed Confidential by the Parties [Doc. Ent. 28] by returning documents that were privileged and/or protected and were inadvertently or mistakenly produced; and

  (c) pay Plaintiffs' reasonable expenses incurred in making this motion, including attorneys' fees, under Fed. R. Civ. P. 37(b)(2)(C).

Doc. Ent. 64 at 2, Doc. Ent. 70 at 2.

**2.** Having reviewed the motion papers, having heard the oral argument of counsel for the parties, and consistent with my ruling from the bench, plaintiffs' April 23, 2012 motions for discovery sanctions (Doc. Ent. 64 [*Hi-Lex*], Doc. Ent. 70 [*Borroughs*]) are granted in part and denied in part.

  Specifically, I conclude that, with the exception of the February 3, 2011 electronic mail,[8]

---

  [7]This order assumes that Tim Tyler is Borroughs's President. *See* www.borroughs.com, "Our People."

  [8]Within the May 16, 2012 replies, Hi-Lex and Borroughs assert that "[a]ll communications addressed to or from employees of The Campbell Group relate specifically to the terms or application of Plaintiff Borroughs' self-insured arrangement with BCBSM, and are privileged." Doc. Ent. 84 at 6, Doc. Ent. 88 at 6. However, plaintiffs further note that "[t]he

the documents filed under seal (Doc. Ent. 81 [*Hi-Lex*], Doc. Ent. 85 [*Borroughs*]) are subject to the attorney client privilege. Although the documents at issue were produced by Campbell on December 2, 2011, I conclude that there was a reasonable attempt to bring this to the receiving party's (defendant BCBS's) attention. *See*, *i.e.*, February 22, 2012 letter from attorney Phelps to attorney Bernard (Doc. Ent. 64-2 [*Hi-Lex*], Doc. Ent. 70-2 [*Borroughs*]); February 24, 2012 letter from attorney Phelps to attorney Rechtein (Doc. Ent. 64-4 [*Hi-Lex*], Doc. Ent. 70-4 [*Borroughs*]); and a March 28, 2012 email from attorney Hillary to attorney Rechtien (Doc. Ent. 64-5 [*Hi-Lex*], Doc. Ent. 70-5 [*Borroughs*]). As plaintiffs argued, "the letters and e-mails from Plaintiffs and The Campbell Group placed BCBSM's attorneys on notice that the materials were privileged and/or protected." Doc. Ent. 64 at 13 [*Hi-Lex*], Doc. Ent. 70 at 13 [*Borroughs*].

However, I also conclude that further sanctions are not necessary.

**D.     Order**

Accordingly, plaintiffs' April 23, 2012 motions for discovery sanctions (Case No. 11-12557, Doc. Ent. 64; Case No. 11-12565, Doc. Ent. 70) are GRANTED IN PART and DENIED IN PART. Specifically, defendant BCBS shall return the following documents:

(1)     April 22, 2011 electronic mails between Ekstrom and attorney Phelps;
(2)     a March 5, 2011 electronic mail from Ekstrom to Denise Phelps and Janet Mulder (The Campbell Group), by which Ekstrom forwards March 2011 email exchanges between attorney Phelps and Greg Worsnop (Borroughs), each of which was copied to Ekstrom, and
(3)     an April 25, 2011 electronic mail from Ekstrom to Denise Phelps and Mulder, by which Ekstrom forwards April 25, 2011 email exchanges

---

lone exception to this statement is the email dated Feb. 3, 2011, to which Plaintiffs drop any assertion of privilege. Nonetheless, that email is wholly irrelevant and beyond the scope of Rule 26 and should be returned on that basis." Doc. Ent. 84 at 6 n.4, Doc. Ent. 88 at 6 n.4.
    During the November 29, 2012 oral argument, attorney Phelps confirmed that the assertion of privilege as to the February 3, 2011 email had been withdrawn.

between Worsnop and attorney Phelps (copied to Tim Tyler and Ekstrom) and an April 25, 2011 email exchange from Ekstrom to Worsnop (copied to Mulder and Denise Phelps).

Such return shall be in accordance with terms of the December 7, 2011 stipulated protective order governing the exchange of information deemed confidential by the parties (Doc. Ent. 28), specifically ¶¶ 13 and 22.[9]

Furthermore, plaintiffs' requests for sanctions and reasonable expenses are DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

          s/Paul J. Komives
          PAUL J. KOMIVES
          UNITED STATES MAGISTRATE JUDGE

Dated:   November 30, 2012

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing **Order** was served on the attorneys and parties of record herein by electronic means or U.S. Mail on November 30, 2012.

          s/Kim Grimes
          Acting in the Absence of Eddrey Butts,
          Case Manager

---

[9] Doc. Ent. 28 ¶ 13 (Confidential or Attorneys Eyes Only Information excluding medical record) and ¶ 22 (The inadvertent or mistaken production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege).