UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HI-LEX CONTROLS INCORPORATED,
HI-LEX AMERICA, INCORPORATED and
HI-LEX CORPORATION HEALTH AND
WELFARE PLAN,

        Plaintiffs,                          Case No: 11-12557
                                                        Hon. Victoria A. Roberts

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,
        Defendant.

consolidated with

BORROUGHS CORPORATION and
BORROUGHS CORPORATION
EMPLOYEE BENEFIT PLAN,

        Plaintiffs,                            Case No: 11-12565
                                                          Hon. Victoria A. Roberts

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,
        Defendant.
_____/

# ORDER:

**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE PROTECTIVE ORDER (HI-LEX 159/BORROUGHS 171);**

**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S AND NON-PARTY WATZA'S MOTION TO QUASH PLAINTIFFS' SUBPOENA AND FOR PROTECTIVE ORDER (HI-LEX 164/BORROUGHS 176); AND**

**(3) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED (HI-LEX 174/BORROUGHS 189)**

1

Before the Court are several discovery motions. They were discussed at a status conference with the parties' counsel on March 20, 2013.

**I. Plaintiffs' Joint Motion to Enforce Protective Order (Hi-Lex 159/Borroughs 171)**

Plaintiffs ask the Court to order Defendant to remove confidential designations from discovery documents which they seek.

Two issues are at stake: (1) the confidential designation ("designation") of discovery materials; and (2) whether Plaintiffs may use unfiled, nonconfidential materials to generate more lawsuits against Defendant.

Plaintiffs say that Defendant designated almost every document produced as confidential. They seek de-designation of about 1,500 pages. Defendant says that it will only de-designate if the documents will be used to prosecute this lawsuit only.

Defendant is in conflict with the stipulated protective order and Federal Rule of Civil Procedure 26(c)(1)(g). To the extent Plaintiffs object to confidential designations, Defendant--as producer--must satisfy its burden to justify it. With respect to each document that Defendant persists in designating as confidential and to which Plaintiffs object, Defendant must file with the Court the reasons for such designation. If Defendant cannot meet its burden, it must tell Plaintiffs that it de-designates.

The crux of Defendant's opposition is that Plaintiffs cannot share unfiled discovery materials with third-parties--whether they are confidential or not--for purposes unrelated to this lawsuit; specifically, to generate more lawsuits against Defendant. It directs the Court to case law to support its position that there is a presumption of privacy associated with unfiled materials that are not judicial documents.

Plaintiffs say that they--and their counsel--must be permitted to share the

nonconfidential materials with interested entities. They direct the Court to *Deford v. Schmid Products Co., a Div. of Schmid Laboratories, Inc.*, 120 F.R.D. 648 (D. Md. 1987) and *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27 (E.D. Mich. 1981) to support their arguments that collaboration among litigants through sharing fruits of discovery is allowed.

The Court is not persuaded that Defendant's or Plaintiffs's authorities are controlling. Unlike the use of discovery materials to create more litigation, the cases on which Defendant relies are inapplicable because they mainly deal with dissemination of controversial information which might subject the litigants to public injury. *See, e.g., Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 312 (E.D. Mich. 2010) (newspaper seeking access to materials from an ongoing homicide case).

Plaintiff's case law is not persuasive because *Deford* and the *Waelde*--and the authority on which they rely--involved the sharing of the fruits of discovery among current litigants in order to enhance efficiency, not to attract potential lawsuits. *See, e.g., Deford*, 120 F.R.D. 648 at 654 ("Sharing discovery materials may be particularly appropriate where multiple individual plaintiffs assert essentially the same alleged wrongs against a national manufacturer of a consumer product."); *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970) ("[I]t is at least theoretically advantageous to the attorneys for plaintiffs in the various suits to share the fruits of discovery. They thus reduce the time and money which must be expended to prepare for trial . . . ."); *In re Upjohn Co. Antibiotic Cleocin Products Liab. Litig.*, 81 F.R.D. 482, 484 (E.D. Mich. 1979) aff'd, 664 F.2d 114 (6th Cir. 1981) ("[T]o the extent that discovery has taken place and been disseminated among plaintiffs involved in this multi-district action, nothing

improper has taken place that would require entry of a protective order. Indeed it is the purpose of multi-district litigation to promote the sharing of discovery within the consolidated cases."). Plaintiffs have not shown that sharing of the fruits of discovery is appropriate to generate more lawsuits against Defendant.

The Court recognizes that the ultimate purpose of discovery under Rule 26 is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of her case, and exercises its broad discretion in handling discovery disputes to decide this issue. *See* Fed. R. Civ. P. 26; *Proctor v. U.S. Dept. of Educ.*, 196 F. App'x 345, 347 (6th Cir. 2006).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion. Defendant must meet its burden to justify designation to the extent that Plaintiffs oppose it. Plaintiffs may use the fruits of discovery for any purpose connected to this case and other current, related lawsuits. Unless they provide authority that allows it, Plaintiffs may not use unfiled discovery materials to generate other litigation.

## II. Defendant's and Non-Party Donald Watza's Motion to Quash Plaintiffs' Subpoena and for Protective Order (Hi-Lex 164/Borroughs 176)

Watza is Defendant's expert witness who audits self-funded healthcare plans; Defendant intends to call him to establish that Plaintiffs' agents knew of the disputed fees to support its statute of limitations defense and to rebut Plaintiffs' allegations of non-disclosure. Plaintiffs served a subpoena on Watza. The subpoena identifies thirteen categories of documents that Plaintiffs demand.

Defendant and non-party Watza ask the Court for a protective order excusing Watza from producing business files which they claim are beyond the scope of

4

discovery and an order quashing Plaintiffs' subpoena, to the extent it seeks these documents. Defendant says the subpoena is overly broad and unduly burdensome because it seeks Watza's work product and private marketing and client files, and is beyond the scope of Rule 26. To the extent requested documents fit into these categories, the Court agrees with Defendant and will not order their production.

Plaintiffs say they are entitled to all documents that would discredit or rebut Watza's expert opinion, and that the identified categories in the subpoena bear directly on Watza's ultimate opinion that Plaintiffs' agents or brokers should have known about the disputed fees scheme. To the extent requested documents fit into these categories, the Court orders their production.

Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 703, and based on the parties' representations at the status conference, this motion is **GRANTED IN PART** and **DENIED IN PART**. The Court:

(A) Finds that Watza has already complied with the subpoena's categories: 2 and 13;

(B) Excuses Watza from producing documents under categories: 1, 5, 6, 8, 9, 10, and 11;

(C) Orders Watza to produce an affidavit concerning his inability to produce the documents in category 7; and

(d) Orders Watza to produce the documents identified in categories: 3, 4, and 12.

The Court denies Defendant's request for sanctions against Plaintiffs.

### III. Plaintiffs' Motion to Compel Production of Documents Withheld as Privileged (Hi-lex 174/Borroughs 189)

Plaintiffs say that after a privilege log and supplemental privilege log were recently submitted to Plaintiffs, they learned of over 10,000 responsive documents which Defendants refuse to produce based on privilege. Plaintiffs say: (1) the privilege log is deficient because it does not provide sufficient information to assess the validity of Defendant's assertion of privilege; and (2) Defendant improperly designates unprotected materials as privileged.

Plaintiffs ask the Court for an order to compel production of documents withheld as privileged. They also ask for sanctions against Defendant under Rule 37(b)(2) for alleged violations of the Court's discovery orders. Specifically, Plaintiffs request: (1) an order directing that the matters embraced in the discovery orders be taken as established for the purposes of this action, including that Defendant did not disclose its retention of the Disputed Fees; (2) attorney fees for depositions that have been retaken as a result of the late production; and (3) attorney fees for this motion.

Defendant says that a requirement to provide specific details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but here it is unduly burdensome given the voluminous documents claimed to be privileged or protected. They ask the Court for an opportunity to submit a categorical privilege log if the Court finds that the privilege log is insufficient.

Defendant's privilege log is insufficient. A privilege log must contain the basis for withholding discovery of the document and sufficient detail beyond conclusory allegations to demonstrate the fulfillment of the legal requirements for application of the

6

privilege. *See Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010) (citing *In re Search Warrant Executed at Law Offices of Stephen Garea*, 173 F.3d 429 (6th Cir. 1999)). Specifically, to claim privilege based on attorney-client communications, Defendant must show that the communication contained legal matters; a simple statement explaining the nature of the legal issue for which advice was sought suffices. *Id.* To invoke privilege based on the work-product doctrine, Defendant must prove that the item was prepared or obtained because of the prospect of litigation. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir.2006).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** this motion. Defendant is ordered to produce by **April 4, 2013**, on a rolling basis, sufficient detail for their privilege claims. If a determination is made that something is not privileged, Defendant must produce it immediately. Reasonable grouping may be made as long as it is made to cover documents that relate to the same person or topic. The Court denies Plaintiffs' additional request for sanctions.

**IT IS ORDERED.**

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: March 28, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 28, 2013.

s/Linda Vertriest  
Deputy Clerk